IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| MICHAEL LUDWIKOWSKI, | : | CIV. NO. 22-7550 (RMB) |
| | : | |
| Petitioner | : | |
| v. | : | **OPINION** |
| | : | |
| | : | |
| WARDEN, FCI FAIRTON, | : | |
| | : | |
| Respondent | : | |

**CHIEF JUDGE RENÉE MARIE BUMB**

Petitioner Michael Ludwikowski, a prisoner formerly confined in the Federal Correctional Institution in Fairton, New Jersey ("FCI Fairton"), filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his impending transfer out of FCI Fairton. (Pet., Docket Nos. 1, 2.) This Court held that it lacked jurisdiction over Petitioner's request to stay his prison transfer, but liberally construed the petition as raising a due process challenge to a prison disciplinary proceeding. (Order, Docket No. 3.) Respondent has filed a request to dismiss the habeas petition as moot (Docket No. 5) because the Federal Bureau of Prisons transferred Petitioner out of FCI Fairton on February 8, 2023, ultimately arriving at U.S.P. Lee, in Virginia. (Declaration of Alisha Gallagher, Ex. A; Docket No. 5-1). Furthermore, the investigation of Petitioner at FCI Fairton never led to a disciplinary hearing or sanctions. (*Id.*, § 3.)

Whereas this Court lacked jurisdiction over Petitioner's request to stay his prison transfer, and Petitioner did not raise a cognizable due process challenge to the loss of good conduct time after a prison disciplinary hearing, this Court will dismiss

the petition for lack of jurisdiction. *See generally Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974) (discussing when a loss of good conduct time implicates a constitutional liberty interest for which a court has jurisdiction).

An accompanying Order follows.

DATE: **March 21, 2023**

s/Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge
